UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Jonathan Marquist Payton,<br><br>          Defendant. | No. 23-cr-0192(1) (KMM/DLM)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the Court on Jonathan Marquist Payton's Motion to Dismiss the Indictment. (Doc. 32.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation under to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. On May 16, 2023, Mr. Payton was charged by indictment with a single Count of being a prohibited person in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1.) Mr. Payton moves the Court, under Federal Rule of Criminal Procedure 12(b), to dismiss the indictment because the statute on which it is based is unconstitutional as applied to him under the Second Amendment of the United States Constitution. For the reasons below, this Court recommends that Mr. Payton's Motion to Dismiss the Indictment be denied.

      In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, the United States Supreme Court announced that the Second Amendment presumptively protects an individual's bearing of a firearm in public, and the government may not constitutionally regulate such conduct unless the regulation "is part of the historical tradition that delimits the outer

bounds of the right to keep and bear arms." 142 S. Ct. 2111, 2127 (2022). Mr. Payton argues that the government cannot meet its burden to show that 18 U.S.C. § 922(g)(1)'s prohibition against felons possessing ammunition is consistent with the nation's historical tradition of ammunition regulation and therefore the indictment against him should be dismissed. The government counters that because there is no meaningful difference between the right to possess firearms and the right to possess ammunition, this Court should follow the Eighth Circuit's binding precedent in *United States v. Jackson* upholding 18 U.S.C. § 922(g)(1) as constitutional. 69 F.4th 495, 501–06 (8th Cir. 2023), *reh'g denied*, 85 F.4th 468 (8th Cir. 2023) (mem.).

The two sides agree that the Second Amendment's text covers Mr. Payton's possession of ammunition. The two sides also agree that *Jackson* forecloses felony-by-felony challenges to 18 U.S.C. § 922(g)(1) as applied to felons in possession of firearms. But Mr. Payton insists that he raises distinct issues which require a ruling independent of *Jackson*. First, Mr. Payton challenges 18 U.S.C. § 922(g)(1)'s constitutionality as applied to individuals charged with possessing ammunition only; and second, he challenges the indefinite nature of the prohibition regardless of the classification of the prior felony conviction or class of the defendant.

On the first issue, Mr. Payton points out that it appears no court has squarely addressed the constitutionality of 18 U.S.C. § 922(g)(1) as applied to felons in possession of ammunition. After surveying the courts' Second Amendment doctrines for guidance on the treatment of ammunition compared to firearms for purposes of constitutional analysis, the Court agrees with the government's position here. The rights to possess firearms and

2

ammunition are coextensive and therefore the distinction does not affect the constitutional analysis. *See United States v. Pruess*, 703 F.3d 242, 245 n.1 (4th Cir. 2012) (treating the Supreme Court legal rule about guns as having the same meaning for ammunition); *Herrington v. United States*, 6 A.3d 1237, 1243 (D.C. 2010) (concluding that the Second Amendment right to possess ammunition is coextensive with the right to possess a gun); *United States v. Young*, 639 F. Supp. 3d 515, 529 (W. D. Pa. 2022) ("The fact that the alleged possession is of ammunition, instead of a firearm, has no bearing on the analysis as Defendant's alleged conduct in this case takes him outside of the scope of protection of the Second Amendment.") (footnote omitted). Mr. Payton's assertion that there is some constitutionally-significant difference between firearms and ammunition simply finds no support in jurisprudence, nor in *Jackson*'s analysis. The Court therefore determines that a ruling on the issue, independent of *Jackson*'s binding authority, is unnecessary.

On the second issue, Mr. Payton does not develop his argument beyond the assertion that the government bears the burden of showing that an indefinite prohibition on ammunition possession, regardless of the classification of the prior felony conviction or class of defendant, is consistent with the nation's historical tradition of ammunition regulation. Even so, as the government rightly points out, *Jackson* forecloses the argument that the classification of the prior felony conviction or class of the defendant is relevant to 18 U.S.C. § 922(g)(1)'s constitutionality. 69 F.4th at 502 ("[W]e conclude there is no need for felony-by-felony litigation regarding the constitutionality of [18 U.S.C.] § 922 (g)(1)."). Therefore, under current Eighth Circuit law, the Court must deny this motion in full.

Accordingly, based on all the files, records, and proceedings, **IT IS RECOMMENDED** that:

1. Mr. Payton's Motion to Dismiss the Indictment (Doc. 32) be **DENIED**.

DATED: November 14, 2023          *s/Douglas L. Micko*
                                  DOUGLAS L. MICKO
                                  United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).