UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 23-cr-192 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Jonathan Marquist Payton, | |
| Defendant. | |

In a one-count Indictment, the government alleges that after Jonathan Marquist Payton was convicted of a felony, he unlawfully possessed ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Mr. Payton filed a motion to dismiss the Indictment, arguing that § 922(g)(1) violates the Second Amendment as applied to him. In a Report and Recommendation ("R&R"), United States Magistrate Judge Doug L. Micko recommended that Mr. Payton's motion be denied. Mr. Payton filed timely objections to the R&R. Based on a careful review of the entire record, the objections are overruled, the R&R is adopted, and the motion to dismiss is denied.

## BACKGROUND

Mr. Payton's motion to dismiss relied on the Supreme Court's recent Second Amendment decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). The *Bruen* Court held that Second Amendment challenges to firearms regulations are not subject to judicial "means-ends scrutiny." *Id.* at 17. Instead, the Court adopted a historically focused test that looks first to the Second Amendment's "plain text." *Id.* If

that text presumptively protects the individual's conduct, then courts must ask whether the government can "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* To roughly summarize this second step, the government has the burden of identifying "relevantly similar" historical analogues for the challenged regulations. If the government can show sufficient historical evidence of laws placing similar restrictions on the right to keep and bear arms, then the challenged law may pass constitutional muster. *See id.* at 28–29.

In his briefing before Judge Micko, Mr. Payton argued that the plain text of the Second Amendment covers his possession of ammunition, and the government cannot show that when the Second Amendment was ratified in 1791, there was a historical tradition of regulations banning felons from possessing ammunition. [Dkt. 32; Dkt. 37.] Mr. Payton acknowledged that the Eighth Circuit's decision in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) forecloses felony-by-felony challenges to § 922(g)(1) as applied to felons in possession of firearms. However, he suggested that his case presents two distinct issues the *Jackson* court did not address. First, he argued that *Jackson* did not resolve the constitutionality of § 922(g)(1) in a case involving charges of possession of ammunition alone. Second, he suggested that the *Jackson* court did not determine whether there was any historical tradition of placing lifetime or indefinite bans on convicted felons regardless of the nature of their underlying felony conviction. [Dkt. 37 at 4–5.]

Judge Micko rejected Mr. Payton's arguments in the R&R. First, he reasoned that courts have treated the rights to possess firearms and ammunition as "coextensive and

2

therefore the distinction does not affect the constitutional analysis." [Dkt. 45 at 2–3 (citing *United States v. Pruess*, 703 F.3d 242, 245 n.1 (4th Cir. 2012); *Herrington v. United States*, 6 A.3d 1237, 1243 (D.C. 2010); *United States v. Young*, 639 F. Supp. 3d 515, 529 (W.D. Pa. 2022)).] In particular, Judge Micko found that neither *Jackson*'s analysis nor other courts' jurisprudence supported treating firearms and ammunition differently for purposes of the constitutional analysis. [*Id.* at 3.] With respect to Mr. Payton's second argument regarding the indefinite nature of the prohibition on the possession of ammunition without regard for the classification of the prior felony conviction, Judge Micko found that Mr. Payton failed to develop his argument. Further, he concluded that even if Mr. Payton had developed the issue, it would be foreclosed by *Jackson*'s holding. [*Id.* at 3 ("*Jackson* forecloses the argument that the classification of the prior felony conviction or class of the defendant is relevant to 18 U.S.C. § 922(g)(1)'s constitutionality.").] As a result, Judge Micko recommended that Mr. Payton's Motion to Dismiss the Indictment be denied.

## DISCUSSION

The Court reviews Mr. Payton's objections to the R&R de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). After a de novo review of those objections, they are overruled, and the R&R is adopted for the reasons set forth below.

First, Mr. Payton objects to Judge Micko's reasoning about the coextensive nature of the right to possess firearms and the right to possess ammunition. Mr. Payton asserts that:

> [This reasoning] presumes that the prohibition of firearms automatically authorizes the prohibition of ammunition. However, it was not until 1986 that Congress amended the Gun Control Act . . . which previously prohibited a person under felony indictment from receiving or possessing firearms, to prohibit a person from receiving, but not possessing, firearms or ammunition. . . . Prior to 1986, no federal laws appeared to criminalize the mere possession of ammunition.
>
> Thus, there is a meaningful distinction between the dispossession of firearms and ammunition, and the Court cannot rely on *Jackson* to permit the government to evade its burden under *Bruen*.

[Dkt. 51 at 3.]

Mr. Payton's argument fails to undermine the R&R's rationale. Just as Judge Micko found, this Court's review of the case law suggests that courts treat the right to possess firearms as coextensive with the right to possess ammunition for purposes of the Second Amendment. *E.g.*, *United States v. Young*, 639 F. Supp. 3d 515, 529 (W.D. Pa. 2022) ("The fact that the alleged possession is of ammunition, instead of a firearm, has no bearing on the analysis as Defendant's conduct in this case takes him outside of the scope of the Second Amendment."). Even though "ammunition" is not mentioned in the text of the Second Amendment, courts have generally reasoned that the right to keep and bear firearms protected by the Constitution would be meaningless without a right to obtain ammunition needed to use those firearms. *E.g.*, *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 677 (9th Cir. 2017); *United States v. Posada*, __ F. Supp. 3d __, 2023 WL 3027877, at *3 (W.D. Tex. Apr. 20, 2023) ("But the right to keep and bear arms implies a corresponding right to obtain the bullets necessary to use them.") (cleaned up). However,

4

Mr. Payton points to no case, from either before or after the *Bruen* decision, where a court has decided that a person's right to possess ammunition is broader than the individual's right to possess a firearm.[1] This objection is overruled.

Next, Mr. Payton objects to the R&R's handling of his objection to the lifetime prohibition on possession of ammunition imposed by § 922(g)(1). He contends that "the *Jackson* court did not consider that [the] groups [of people historically prohibited from possessing firearms] were not indefinitely prohibited from possessing firearms, nor does its analysis address a lifetime ban on ammunition possession." [Dkt. 51 at 4.] In *Jackson*, the defendant argued that as applied to him, § 922(g)(1) was unconstitutional because his felony convictions were non-violent. But the Eighth Circuit "concluded that there is no need for felony-by-felony litigation regarding the constitutionality" of the statute. 69 F.4th at 502. Mr. Payton's argument essentially seeks felony-by-felony litigation based on the fact that his prosecution is for possession of ammunition rather than possession of a firearm. However, because the Court has found there is no meaningful distinction

---

[1] Mr. Payton's suggestion that potentially relevant historical restrictions on possession of ammunition are lacking appears to be overstated. *See, e.g.*, *United States v. Lewis*, No. 21 Cr. 789 (NSR), 2023 WL 6066260, at * n.3 (S.D.N.Y. Sept. 18, 2023) (citing 7 Records of the Colony of Rhode Island and Providence Plantations in New England 567 (1862) (requiring seizure of "all arms, *ammunition* and warlike stores" from persons refusing to take loyalty oath); Acts of the General Assembly of the State of New-Jersey at a Session Begun on the 27th Day of August, 1776, at 90 (1777) (authorizing seizure from persons judged "di[s]affected and dangerous" of "all the Arms, Accoutrements and *Ammunition* which they own or po[ss]e[s]s"); Act of Apr. 1, 1778, ch. LXI, § 5, 1777–1778 P.A. Laws 123, 126 (prohibiting any person refusing to take a loyalty oath to "keep any arms or *ammunition* in his house or elsewhere")) (all emphasis added). And to the extent Mr. Payton relies on *United States v. Bullock*, __ F. Supp. 3d __, 2023 WL 4232309 (S.D. Miss. June 28, 2023) in this regard, despite the *Bullock* decision's thorough and considered analysis, it does not suggest that § 922(g)(1)'s constitutionality hinges on whether an individual is charged with possession of ammunition or a firearm.

5

between firearms and ammunition for purposes of the constitutional analysis, the Court finds this argument is foreclosed by *Jackson*.

Finally, the Court observes that Mr. Payton's argument is somewhat paradoxical. Under existing Eighth Circuit precedent, it is perfectly constitutional for Congress to prohibit individuals convicted of any felony from possessing a firearm. Such a prohibition renders a person entirely unable to engage in conduct that the Supreme Court says is the very purpose of the Second Amendment's protection—the right to keep and bear arms for self-defense. *See Bruen*, 597 U.S. at 31–33 (discussing the right "law-abiding, adult citizens" to carry handguns publicly for self-defense and to keep firearms in the home for the same purpose). Given that it is permissible for Congress to impose a complete restriction on convicted felons' ability to possess firearms, eliminating their ability to engage in otherwise protected conduct, it is difficult to see why it would be *unacceptable* for Congress to place a similar ban on the individual's ability to possess ammunition. Under such an argument, ammunition would be afforded greater protection from an amendment regarding the right to "bear arms" than the arms themselves. Either way, the person with the prior felony conviction who cannot possess a firearm or ammunition is equally deprived of the ability to exercise the right to armed self-defense in any meaningful way. Practically speaking, that is the effect of the restrictions the Eighth Circuit has already upheld in several recent cases as a constitutional firearms regulation post-*Bruen*. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023); *United States v. Doss*, No. 22-3662, 2023 WL 8299064, at *1 (8th Cir. Dec. 1, 2023) (per curiam).

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED THAT** the Report and Recommendation [Dkt. 45] is **ACCEPTED**, and the Motion to Dismiss the Indictment [Dkt. 32] is **DENIED**.

Date: January 24, 2024         *s/Katherine Menendez*
                               Katherine Menendez
                               United States District Judge